IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TIMOTHY WESLEY, )
  et al. )
)
v. ) NO. 3-14-2363
) JUDGE CAMPBELL
LIBERTY INSURANCE CORP. )

MEMORANDUM

Pending before the Court is Plaintiffs' Motion for Partial Summary Judgment (Docket No. 22). For the reasons stated herein, Plaintiffs' Motion is DENIED.

INTRODUCTION

Plaintiff's Amended Complaint alleges that Plaintiffs purchased a home in Nashville, Tennessee, from John and Doris Henderson in January of 2014. Plaintiffs contend that after the real estate sales contract was signed, but before the closing, the property was damaged by water. Plaintiffs also aver that, at all times material herein, the property was insured for loss under a policy with Defendant.

Plaintiffs assert that they proceeded with the closing upon condition that the Hendersons assign to Plaintiffs their rights against their insurer for the water loss. The Assignment at issue, drafted by Plaintiff Tim Wesley and found at Docket No. 28-2, states:

> In consideration of closing the sale of the residential property located as 1209 Ordway Place, Nashville, TN 37206, the undersigned John and Doris Henderson, Sellers, hereby assign to Tim and Natasha Wesley, Buyers, any and all insurance proceeds arising from the water loss which occurred at the property on or about January 5, 2014. The undersigned Sellers also agree to take all reasonable steps and execute necessary documentation to allow pursuit of the claim against their insurer for the loss. Additionally, should [sic] insurance claim be denied, Sellers will upon

> request of Buyers take legal action to pursue [sic] remedy from insurance carrier and/or insurance agent. Associated legal costs will be paid by Buyers and all monies from such action, if any, will be paid to the Buyers including legal fees.

It is signed by John and Doris Henderson and Tim and Natasha Wesley.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

ANALYSIS

The parties dispute the meaning of the Assignment. Plaintiffs contend that it assigned to Plaintiffs the right to insurance policy proceeds and the right to pursue those proceeds through legal action against the insurer, including pursuit of a claim for bad faith. Defendant argues that the Assignment assigned insurance proceeds only - not the policy, not the claim, not any rights arising out of the insurance contract, not entitlement to make a claim with the insurer or bring a lawsuit against it, and not a right to make a formal demand for purposes of raising a bad faith claim.

The Amended Complaint alleges that the Hendersons agreed to assign their rights against their insurer for the water loss, but that is not what the Assignment says. There clearly are genuine issues of material fact as to what the parties' intention was with the Assignment. In contrast to Plaintiffs' allegations, Defendant has filed the sworn Affidavits of John and Doris Henderson, which state that they did not assign anything to Plaintiffs except, as stated in the Assignment, any and all insurance proceeds arising from the water loss. The Hendersons assert that they were never asked to assign the actual insurance policy or their insurance claim or their rights to bring a court action or to assert a bad faith claim.

Plaintiffs argue that they are assignees of the right to insurance proceeds but are powerless to enforce that right. One question presented by this argument is whether their alleged right to enforce is against the Hendersons or the insurance company. Plaintiffs' right to receive insurance proceeds from the Hendersons has been honored, according to the Hendersons. Moreover, the Hendersons' right to receive insurance proceeds from Defendant has been honored, according to the Hendersons.

The Hendersons assert that Defendant has paid more than $32,000 to the Hendersons for this water loss and they have forwarded that money on to the Plaintiffs, per the Assignment. Defendant argues that it has not denied a claim to its insured, and the Hendersons have not breached their agreement to assign the insurance proceeds to the Plaintiffs.

The trier of fact will have to sort out the various claims and allegations herein, determine which witnesses to believe, and decide whether Plaintiffs have a claim against the Defendant insurance company. Plaintiffs have not carried their burden to show that there are no genuine issues of material fact and they are entitled to judgment as a matter of law. Summary judgment is not appropriate.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE