IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TIMOTHY WESLEY, )
  et al. )
)
v. ) NO. 3-14-2363
) JUDGE CAMPBELL
LIBERTY INSURANCE CORP. )

## MEMORANDUM

Pending before the Court is Defendant's Motion for Partial Summary Judgment (Docket No. 42). For the reasons stated herein, Defendant's Motion is GRANTED, and Plaintiffs' bad faith penalty claim is DISMISSED.

## INTRODUCTION

Plaintiffs allege that they purchased a home in Nashville, Tennessee, from John and Doris Henderson. Plaintiffs contend that after the real estate sales contract was signed, but before the closing, the property was damaged by water. Plaintiffs also aver that, at all times material herein, the property was insured for loss under a policy with Defendant.

Plaintiffs assert that they proceeded with the closing upon condition that the Hendersons assign to Plaintiffs their rights against their insurer for the water loss. Plaintiffs allege that they are entitled to recover under the insurance policy for water damage and to pursue a claim of bad faith denial of insurance benefits arising under that policy.

The Court previously denied Plaintiffs' Motion for Partial Summary Judgment, finding (among other things) that Plaintiffs were not entitled to a declaratory judgment that they are entitled to pursue damages for the bad faith penalty under Tennessee law.

Defendant has now moved for partial summary judgment on Plaintiffs' bad faith penalty claim under Tenn. Code Ann. § 56-7-105, arguing that the right to bring the bad faith claim is not assignable under Tennessee law.

SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

DISCUSSION

Tennessee law provides that an insurance company which refuses, in bad faith, to pay a loss within sixty days after a demand has been made by the holder of the policy shall be liable to pay the holder of the policy, in addition to the loss and interest, a penalty not exceeding twenty-five percent on the liability for the loss. Tenn. Code Ann. § 56-7-105.

A cause of action against an insurer for alleged bad faith in refusing to settle an insurance claim within the policy limit is not assignable under Tennessee law. *Electric Ins. Co. v. Nationwide Mutual Ins. Co.*, 384 F.Supp.2d 1190, 1193 (W.D. Tenn. 2005) (citing *Dillingham v. Tri-State Ins. Co.*, 381 S.W.2d 914, 917-19 (Tenn. 1964)).

Plaintiffs argue that *Dillingham* compels a different result because the statutes relied upon in *Dillingham* (survivability statutes) have been changed. The Court disagrees. *Dillingham* has not been overruled, and it continues to be cited as authority for the holding that bad faith claims are not assignable. *See Electric Ins. Co.,* 384 F.Supp.2d at 1193, and *Great American Insurance Co. of NY v. Federal Ins. Co.*, 2010 WL 1712847 at * 4 (Tenn. Ct. App. April 28, 2010).

Because bad faith penalty claims cannot be assigned, and assignment is the only basis upon which Plaintiffs assert their right to bring this claim, Plaintiff's statutory bad faith penalty claim should be dismissed.

Moreover, there is no common law cause of action for bad faith by an insurer, the bad faith statutory penalty being the exclusive remedy in cases charging bad faith denials of insurance claims. *Forest Oaks - Section II v. QBE Ins. Corp.*, 2013 WL 3043665 at * 2 (M.D. Tenn. June 17, 2013) (citing *Persian Galleries, Inc. v. Transcontinental Ins. Co.*, 38 F.3d253, 259 (6th Cir. 1994)).

## CONCLUSION

For these reasons, Defendants' Motion for Partial Summary Judgment is GRANTED, and Plaintiffs' bad faith penalty claim is DISMISSED.

IT IS SO ORDERED.

                                                                */s/ Todd Campbell*
                                                              TODD J. CAMPBELL
                                                              UNITED STATES DISTRICT JUDGE